UNITED STATES of America, Appellee,

v.

Audrey MILLER, Appellant.

No. 91–2035.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1991.

Decided Nov. 27, 1991.

Edward J. Ennis, W. Des Moines, Iowa, for appellant.

Daniel C. Tvedt, Cedar Rapids, Iowa, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Audrey Miller pleaded guilty to one count of producing and using counterfeit access devices and one count of conspiracy to produce and use counterfeit access devices, both in violation of 18 U.S.C. § 1029. The district court sentenced Miller to twelve months imprisonment under the sentencing guidelines. Miller appeals her sentence contending the district court erroneously refused to grant her an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1.

■ Miller contends the district court violated Federal Rule of Criminal Procedure 32(c)(3)(D) by failing to resolve a factual dispute contained in the presentence report (PSR) or make clear the court would not take the disputed matter into consideration at sentencing. According to Miller, this lead the district court to deny her a reduction for accepting responsibility. We disagree. After Miller agreed at her sentencing hearing that the factual dispute would not affect the district court's sentencing determination "in any way," the court stated that Miller's objection to statements contained in the PSR could be disregarded.

The district court thus complied with Rule 32(c)(3)(D) by making clear Miller's sentence would not be based on the disputed portion of the PSR. *See United States v. Houtchens,* 926 F.2d 824, 828 (9th Cir. 1991).

■ We also reject Miller's contention that the district court committed error in denying her a reduction for acceptance of responsibility. In the past we have held " 'the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.' " *United States v. Evidente,* 894 F.2d 1000, 1002 (8th Cir.) (quoting U.S.S.G. § 3E1.1 n. 5 (Nov. 1, 1989)), *cert. denied,* — U.S. —, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). The Sentencing Commission has since deleted the "without foundation" language in the commentary to section 3E1.1. The commentary presently reads "the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1 n. 5 (Nov. 1, 1991). We believe this change reflects the Sentencing Commission's view that the clearly erroneous standard of review applies to the district court's factual determination on acceptance of responsibility under U.S.S.G. § 3E1.1. *See United States v. Laird,* 948 F.2d 444, 446 (8th Cir.1991).

■ In this case the record clearly supports the district court's rejection of Miller's request for an acceptance-of-responsibility reduction. The district court relied on the PSR, which contained information that Miller withheld a credit bureau report from the probation officer, refused to discuss her involvement in the offense, and stated she signed the plea agreement under protest without having read it. This is a sufficient basis to deny Miller an acceptance of responsibility reduction. *See United States v. Payne,* 923 F.2d 595, 598 (8th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2830, 115 L.Ed.2d 1000 (1991). Furthermore, contrary to Miller's argument, Miller's guilty plea did not guarantee her an acceptance-of-responsibility reduction, and the court could properly deny the reduction despite Miller's profession of regret. *See United States v. Smitherman,* 889 F.2d 189, 192 (8th Cir.1989), *cert. de-*

*nied,* 494 U.S. 1036, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990).

Having reviewed the record, we find Miller's remaining arguments meritless. Accordingly, we affirm Miller's sentence with instructions to the district court to append the sentencing transcript and this opinion to the PSR. *See* Fed.R.Crim.P. 32(c)(3)(D) (written record of findings and determinations must be appended to PSR); *Poor Thunder v. United States,* 810 F.2d 817, 826 (8th Cir.1987).