998 F.2d 1019
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Roy Robert FINN a/k/a Marcus Lavelle Dupree, Appellant.
 No. 93-1112.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 30, 1993.
Filed: July 19, 1993.
 
 Appeal from the United States District Court for the District of Minnesota
 D.Minn.
 AFFIRMED.
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roy Robert Finn, Jr. appeals from a final judgment entered in the District Court[1] for the District of Minnesota sentencing him to 72 months imprisonment, 3 years supervised release and a special assessment of $50,000 following his guilty plea to possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). For reversal, Finn argues the district court erred in enhancing his sentence for using the firearm in connection with an assault, in denying him a reduction for acceptance of responsibility, and in departing upward from the Guidelines sentencing range based on his criminal history. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 The presentence report (PSR) indicated that Finn had used the firearm to assault Ethel Renika Barnes. Applying the cross-reference provision of the Guideline applicable to possession-of-unregistered-firearm offenses, see U.S.S.G. § 2K2.1(c)(1)(A), the PSR set Finn's base offense level at 15 under U.S.S.G. § 2A2.2-the Guideline applicable to aggravated assault offenses. The PSR then increased the base offense level by four under § 2A2.2(b)(2) because Finn used a dangerous weapon and by two more under § 2A2.2(b)(3)(A) because the victim sustained bodily injuries. The PSR did not recommend a reduction for acceptance of responsibility. With a total offense level of 21 and a criminal history category of II, the Guidelines range was 41 to 51 months. The PSR indicated, however, that the district court might want to consider an upward departure under U.S.S.G. § 4A1.3, p.s., because Finn's criminal history category under-represented the seriousness of his criminal history or the likelihood that he would commit further crimes. The PSR listed several convictions for which Finn received no criminal history points: a 1967 breaking and entering conviction, two 1970 convictions for unarmed robbery, and a 1978 conviction for theft. The PSR also indicated that, on September 9, 1982, Finn committed armed robbery and aggravated assault, and on September 27, 1982, committed armed robbery and aggravated assault on a police officer. Because the sentences for these latter offenses were imposed on the same day and ordered to be served concurrently, Finn received three criminal history points for the September 9 offenses but no additional points for the September 27 offenses. Finn objected to the PSR's recommendation that he not be granted a reduction for acceptance of responsibility, its determination that he had assaulted Barnes, and its indication that an upward departure might be warranted.
 
 
 3
 At the sentencing hearing, Paul Zamzow, a special agent with the Bureau of Alcohol, Tobacco, and Firearms, testified on behalf of the government. Finn and his girlfriend testified for the defense. Zamzow testified that Barnes told him Finn had assaulted her with the firearm, but Finn denied that he had assaulted her. The district court found by a preponderance of the evidence that Finn had assaulted Barnes, and thus, concluded that the PSR's cross-reference to Guidelines § 2X1.1 and application of Guidelines § 2A2.2 were proper. The district court adopted the PSR's recommendation that Finn not be granted a reduction for acceptance of responsibility. The district court found that, although Zamzow's testimony consisted of hearsay statements made by Barnes, the testimony was reliable. The district court indicated that there had been no showing that Barnes had had a tendency or inclination to lie to Zamzow. The district court also found that Finn's testimony was not credible. The district court stated that Finn's "casual and flippant recitation of a violent assault" belied his acceptance of responsibility and undermined his credibility.
 
 
 4
 The district court granted the government's motion for an upward departure, finding that, because Finn received only three criminal history points when he had actually been convicted of seven violent offenses committed on five separate occasions, his criminal history category understated his actual criminal history. The district court rejected the defense attorney's argument that the prior uncounted convictions were too old to be considered as a basis for departure.
 
 
 5
 The district court determined that a criminal history category of V would more accurately reflect Finn's criminal history. The Guidelines sentencing range for a defendant with a base offense level of 21 and a criminal history category of V is 70 to 87 months. The district court sentenced Finn to 72 months imprisonment and 3 years supervised release and ordered Finn to pay a special assessment of $50.
 
 
 6
 In resolving sentencing disputes, a district court may consider relevant information, without regard to its admissibility at trial, if it has sufficient indicia of reliability to support its probable accuracy. United States v. Kelly, 989 F.2d 980, 984-85 (8th Cir. 1993) (citing U.S.S.G. § 6A1.3(a)). The existence of corroborating evidence is not required in order to find hearsay testimony reliable. See United States v. Mahler, 984 F.2d 899, 904 (8th Cir. 1993) (district court can consider uncorroborated hearsay evidence if defendant had opportunity to explain or rebut evidence, and if evidence has sufficient indicia of reliability); United States v. Cuellar-Flores, 891 F.2d 92, 93 (5th Cir. 1989) (corroboration not necessary to make hearsay testimony reliable).
 
 
 7
 We conclude the district court did not abuse its discretion in determining that the hearsay testimony of Zamzow was reliable, and that it did not clearly err in finding that Finn had assaulted Barnes. Zamzow testified that Barnes told him Finn had assaulted her with a shotgun, and that a witness told him she saw Finn pointing a shotgun at a woman who was screaming. Finn argues that Barnes's statements to Zamzow were unreliable. He points to other evidence indicating that Barnes's perceptions were distorted (evidence that she was a drug-user and that she had been drinking before and after the assault), and evidence indicating she had made the statements merely to obtain her release from jail. There was no evidence, however, that Barnes used drugs at the time of the assault or that she was intoxicated. The undisputed medical records indicated that she was alert and oriented. Zamzow testified that when he spoke to Barnes in the county jail she was alert, coherent, and relieved that her assault was being investigated. He also testified that there were no promises made to her to secure her release from the jail. Zamzow further testified that, by the time he interviewed Barnes the second time, she had already been released from jail, and yet, her account of the assault was consistent with her earlier statements. The record supports the district court's finding that Barnes had no tendency or inclination to lie to Zamzow.
 
 
 8
 Finn's testimony was inconsistent with Zamzow's testimony. The district court found, however, that Finn's credibility was undermined by the manner in which he presented his testimony. When factual findings are based on determinations regarding the credibility of witnesses, great deference must be given to the trial court. Only the trial court can perceive the witnesses' variations in demeanor and tone of voice-characteristics which bear heavily on believability. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). The district court did not clearly err in discrediting Finn's testimony. In light of the district court's finding that Finn gave incredible testimony at his hearing, we also conclude the district court did not clearly err in denying him a reduction for acceptance of responsibility. See United States v. Villegas, 987 F.2d 1362, 1365 (8th Cir. 1993) (district court did not clearly err in denying reduction where, despite pleading guilty to drug offense, defendant offered incredible and inconsistent testimony concerning amount of drugs involved).
 
 
 9
 We finally conclude the district court did not err in departing upward from the Guidelines range by 21 months. The Guidelines authorize upward departures when reliable information indicates that the defendant's criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism. U.S.S.G. § 4A1.3, p.s., comment. (backg'd.). When departing upward, the sentencing court may consider convictions excluded from a defendant's criminal history score because of their age or because they were consolidated with other convictions for sentencing purposes. U.S.S.G. § 4A1.2, comment. (n.3); United States v. Andrews, 948 F.2d 448, 449 (8th Cir. 1991) (per curiam).
 
 
 10
 Here, the PSR indicated that Finn had an extensive history of criminal conduct. Only one of his convictions was included in the calculation of his criminal history score. The others either fell outside the time limits set by the Guidelines or were grouped for sentencing purposes pursuant to the Guidelines. The exclusion of the majority of Finn's convictions resulted in his classification as only a category II offender. The district court found that the uncounted convictions demonstrated an "unswerving" path of criminal behavior and an unwillingness to conform to the law. The district court departed upward on that basis. This was not an abuse of discretion. See, e.g., United States v. Cook, 972 F.2d 218, 221-22 (8th Cir. 1992) (affirming upward departure based on nature of offenses and defendant's failure to conform to rules and regulations of society), cert. denied, 113 S. Ct. 991 (1993). The extent of the district court's departure was reasonable. The district court considered what the Guidelines range would have been if all of Finn's prior convictions had been included and considered separately in determining his criminal history category. The district court then imposed a sentence within that range. This is the procedure suggested in the Guidelines. See Guidelines § 4A1.3, p.s.
 
 
 11
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota