_____

No. 95-2225
_____

United States of America,       *
                                    *
       Appellee,          *
                                    *   Appeal from the United States
   v.                          *   District Court for the
                                    *   District of North Dakota.
Clifford Scott Eaton,        *
                                    *       **[UNPUBLISHED]**
       Appellant.         *

_____

Submitted: May 7, 1996

Filed: May 21, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Clifford Scott Eaton obtained a state identification card and a duplicate social security card under the name of Bradley J. Tobias and used both cards to open a bank account in Billings, Montana. He wrote numerous bad checks against that account. When he passed two of those checks in North Dakota, he was arrested, waived indictment, and pleaded guilty to one count of falsely representing another person's social security number to be his, in violation of 42 U.S.C. § 408(a)(7)(B). Eaton now appeals, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and Eaton has filed a pro se supplemental brief raising additional issues. We affirm.

Counsel first argues that the district court[1] lacked jurisdiction to accept Eaton's guilty plea because his crime was

_____

[1]The HONORABLE RODNEY S. WEBB, Chief Judge of the United States District Court for the District of North Dakota.

committed in Montana.  Because the indictment on its face properly alleged jurisdiction and venue, this contention was waived by Eaton's guilty plea. See United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir. 1996).

Counsel next argues that the district court erred in failing to depart downward under U.S.S.G. § 4A1.3, p.s. (adequacy of criminal history category).  The court refused to depart because Eaton's twenty-six criminal history points were "off the chart."  That exercise of discretion is unreviewable .  See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993).

Counsel argues for the first time on appeal that the district court erred in imposing supervised release conditions requiring Eaton to abstain from using alcohol and to obtain probation-office approval before opening a line of credit or obtaining new credit-card charges.  Given Eaton's prior convictions for fraud, deceptive practice, obtaining property by worthless checks, and possessing counterfeit and unauthorized access devices, and his admission that chronic substance abuse has led to his criminal activity, the challenged supervised release conditions were not error, much less plain error.  See United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992) (standard of review; criteria for imposing supervised release conditions).

Eaton further argues that the two checks he passed in North Dakota should not be included in the amount of loss attributable to his offense for sentencing purposes because he was separately prosecuted and sentenced for that conduct in state court.  We conclude the district court did not clearly err in counting this as relevant conduct, rather than as a past sentence.  See U.S.S.G. § 1B1.3(a)(2) & comment. (n.9); United States v. Blumberg, 961 F.2d 787, 792 (8th Cir. 1992) (conduct that is part of current offense is relevant conduct, not past sentence).  Eaton is responsible for the total value of the loss he attempted to inflict.  See United

States v. Smith, 62 F.3d 1073, 1079 (8th Cir. 1995), cert. denied, 116 S. Ct. 826 (1996). We also reject his pro se double-counting and double-jeopardy arguments. See Witte v. United States, 115 S. Ct. 2199, 2207-08 (1995).

Finally, Eaton argues pro se that the district court violated Fed. R. Crim. P. 32 by failing to make written findings on Eaton's objections to the presentence report (PSR). However, at sentencing the court separately ruled on each objection or stated that it was immaterial to sentencing. We instruct the court to append a copy of the sentencing transcript and this opinion to the PSR. See Rule 32(c)(1); United States v. Miller, 951 F.2d 164, 166 (8th Cir. 1991) (per curiam).

We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and conclude that no other nonfrivolous issues exist. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.