[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2010
JOHN LEY
CLERK

No. 10-10059
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00198-TJC-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT CHANNELLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 13, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant-Appellant Robert Channelle appeals his 87-

month sentence for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. After review, we affirm.

## I. BACKGROUND

### A. Offense Conduct

Channelle, with three co-conspirators, operated a split-deposit check-cashing scheme. One of Channelle's co-conspirators, Jasper Shields, received fraudulent checks and fraudulent identification cards from an unknown source and gave those materials to Channelle. Channelle then proceeded to various branch offices of Wachovia Bank in Duval and Clay Counties, Florida, presented the fraudulent checks and identification, and split-deposited the checks by depositing a portion of the funds into a real bank account and obtaining the balance of the check amount as cash. Channelle often dressed to impersonate a professional during these fraudulent transactions in an effort to deter suspicions. Channelle would then divide the proceeds of these transactions with Shields and the unknown source of fraudulent checks. The presentence investigation report ("PSI") lists 25 separate fraudulent transactions from June 2006 to April 2007, through which Channelle obtained, directly or indirectly, $86,437.67.

On April 18, 2007, Channelle was arrested and charged by Florida law enforcement authorities after attempting to cash a counterfeit check at a Wachovia

Bank branch in Green Cove Springs, Florida, which was part of the conduct underlying Channelle's subsequent federal conspiracy charge. Channelle pled guilty to this state offense and was sentenced to 20 months' incarceration by the Clay County Circuit Court. On October 8, 2008, he was released to the Duval County Circuit Court for a separate prosecution for an October 4, 2006 fraudulent check cashing, which also was part of the conduct underlying Channelle's federal conspiracy charge. Channelle pled guilty to this offense too and was sentenced by the Duval County Circuit Court to 30 months' imprisonment, with credit for 19 months' time already served. In July 2009, Channelle was released from state custody, having served approximately 27 months of imprisonment for these two state convictions.

## B. Federal Charges and Guilty Plea

On July 15, 2009, a federal grand jury indicted Channelle on one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Counts 2-26 of the indictment charged Channelle with 25 substantive bank-fraud counts underlying the conspiracy charge in Count 1, in violation of 18 U.S.C. § 1344.

Channelle agreed to plead guilty to Count 1 only. In exchange, the government agreed to dismiss Counts 2-26. In his plea agreement, Channelle agreed that the district court had jurisdiction to impose any sentence up to the

statutory maximum sentence and waived the right to appeal his sentence on any ground, "including the ground that the [District] Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines," except if the sentence (1) exceeded the applicable guidelines range "<u>as determined by the [District] Court</u>"; (2) exceeded the statutory maximum; or (3) violated the Eighth Amendment; and (4) if the government appealed the sentence. (emphasis in original) At his plea hearing, Channelle confirmed his intention to waive the right to appeal his sentence, except for the four specific grounds listed in his plea agreement.

## C.   Sentencing

The PSI recommended a base offense level of 7 pursuant to U.S.S.G. § 2B1.1(a)(1) and a total offense level of 16. The PSI also described Channelle's 40-year criminal history, listing his 26 separate state-law convictions and 2 withheld adjudications ranging from 1967, when Channelle was 18, to the time of his current sentencing in 2009. Channelle began cashing stolen checks in 1975, when he was 26. Many of Channelle's subsequent convictions involved fraud, theft, and forgery. Beginning in 1985, Channelle was sentenced to prison time for his fraud crimes – one year in 1985, another year in 1986, two years in 1987, three years in 1988, and ten years in 1989. In 1991, while released on parole, Channelle again

cashed stolen checks at banks in Florida and received an additional two years of incarceration. In 1993, following his release, he was convicted of possession of heroin and sentenced to five years' incarceration. In 2000, at age 50, Channelle again pled guilty to numerous fraud and forgery offenses and was sentenced to 5 years' imprisonment, which was enforced as 3 years of probation. His probation was revoked in 2002 after he again committed forgery offenses and failed to comply with the requirements of a drug-counseling program. Channelle was released in 2004.

The PSI also noted that Channelle considers himself to be addicted to heroin. He first used heroin in 1970 at age 21 and has used it regularly since then. He reported that his 40-year criminal history is directly linked to obtaining the funds necessary to support his heroin addiction.

Based on his extensive criminal history, the PSI listed Channelle's total criminal history points as 20 and his criminal history category as VI.[1] The probation officer calculated Channelle's advisory guidelines range, based on his total offense level of 16 and criminal history category of VI, as 46-57 months'

---

[1]Once a defendant has 13 or more criminal history points, his criminal history category is VI, the highest category. U.S.S.G. § Ch. 5 Pt. A (Table). Channelle received a criminal history score of 18 based on his previous state convictions and a two-point increase in his criminal history score because he committed the federal conspiracy offense less than two years following his release from state custody on August 1, 2004. U.S.S.G. § 4A1.1(a)-(c), (e).

imprisonment.[2]

The PSI noted some factors that may warrant departure, both upward and downward, from the advisory guidelines range. First, because Channelle completed 27 months of state imprisonment for related offenses under state law that were not credited towards his federal imprisonment, a downward departure may be warranted pursuant to U.S.S.G. § 5K2.23. Second, an upward departure may be warranted because the guidelines calculation may have understated the seriousness of his conspiracy offense, which harmed approximately 60 account-holders, pursuant to U.S.S.G. § 2B1.1 cmt. n.19. Third, an upward departure may be appropriate because of Channelle's extensive history of fraud and theft offenses and likelihood of recidivism.

Channelle did not object to the factual statements in the PSI or to the calculations of his advisory guidelines range.

At the sentencing hearing, Channelle's attorney noted Channelle's "lifelong pattern of frauds, forgeries, [and] thefts," and that he was a "heroin addict" with a "very strong criminal tendency." Channelle's attorney stated Channelle's illegal conduct was the direct result of his heroin addiction, and because of this, "treatment in his case becomes paramount." Channelle's attorney expressed a wish

---

[2]The statutory maximum for Channelle's conspiracy conviction is 30 years' imprisonment. 18 U.S.C. §§ 1344, 1349.

that Channelle be eligible for the federal Bureau of Prisons's 500-hour drug treatment program. He argued: "I know the [guidelines] range established may or may not be sufficient, depending on whether or not the Bureau of Prisons can somehow be guided into ensuring that this man gets the 500-hour drug program . . . . [I]f there was ever a man that needed it, this is the man." Channelle's attorney stated the Bureau of Prisons often permits only the 40-hour drug treatment program for sentences less than 7 years.

Before imposing the sentence, the district court stated that it was required to consider the 18 U.S.C. § 3553(a) factors in imposing the sentence and was required to arrive at a sentence that was sufficient but no greater than necessary. It also noted that Channelle's "drug addiction has played a big role in his criminal activities."

The district court specifically noted Channelle's "unbelievable pattern of criminal conduct" and that Channelle's criminal history score was "way above" the criminal history category VI stated in the PSI. The district court explained, "But about half of his crimes were unscored because they're so old. And so this is just a lifelong pattern of conduct." The district court also emphasized the harm Channelle had caused to society and his victims, the need to deter Channelle from further criminal conduct and to protect the public, and the seriousness of the

offenses and the need to promote respect for the law.

The district court imposed a sentence of 87 months' imprisonment, 30 months above the high end of the advisory guidelines range. The district court determined that Channelle's conduct justified "a very lengthy sentence, if not one that effectively would be a life sentence for Mr. Channelle," given that he was 60 years old at sentencing. The district court determined, however, not to impose what would essentially be a life sentence because Channelle "already did a decent amount of time in state court, over 20 months, for related conduct." The district court also noted the "significant sentence" would "hopefully afford Mr. Channelle the opportunity to get the drug treatment." The district court summed its reasons for the 87-month sentence: "But I just think, given the long history of this criminal conduct, which is just repeated over and over again – I just think that I have to look more to deterrence and protecting the public and trying to get Mr. Channelle some drug treatment that hopefully will alter his behavior."

After the district court imposed the sentence, Channelle objected "[j]ust as to the departure." Channelle filed this timely appeal.

## II. DISCUSSION

Channelle argues his 87-month sentence was procedurally and substantively unreasonable. We review the reasonableness of a sentence for abuse of discretion

8

using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances.  Id.  The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

## A.  Procedural Unreasonableness

Channelle argues his sentence is procedurally unreasonable because "the district court failed to correctly calculate the guidelines, in that it did not apply the departure analysis provided for under USSG § 5K2.23 and did not credit Mr. Channelle for time he had already served in state prison . . . ."

Section 5K2.23 provides that a downward departure "may be appropriate" if a defendant has completed serving a term of imprisonment and would be eligible for a sentence adjustment under U.S.S.G. § 5G1.3(b) had his sentence been undischarged at the time of federal sentencing.  U.S.S.G. § 5K2.23.  The section also provides that, if the district court grants such a departure, the departure "should be fashioned to achieve a reasonable punishment for the instant offense." Id.

Our review of the sentence imposed by the district court first inquires

9

whether the district court correctly calculated the defendant's guidelines range, and we construe a challenge of the decision denying a downward departure pursuant to § 5K2.23 as a challenge of the preliminary application of the guidelines.  United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).  As such, this Court lacks jurisdiction "to consider a defendant's appeal of a discretionary decision of the district court to not apply a downward departure, so long as the district court did not incorrectly believe that it lacked the authority to apply a departure," including downward departures under § 5K2.23.[3]  Id.; accord United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006).  Unless the record indicates otherwise, we assume the district court understood it had the authority to depart downward.  Dudley, 463 F.3d at 1228.

There is no indication in this case that the district court mistakenly believed it lacked legal authority to use § 5K2.23 to depart downward from Channelle's advisory guidelines sentence.  The PSI specifically noted § 5K2.23 as a potential reason for a downward departure.  At sentencing, the district court noted that Channelle "already did a decent amount of time in state court" and that the law would justify a sentence within the guidelines range of 46-57 months.  The district court concluded, however, that it "just d[id not] feel them to be sufficient in this –

_____

[3]This Court reviews its subject matter jurisdiction de novo.  Winingear, 422 F.3d at 1245.

10

in this case." This record shows that the district court believed Channelle's conduct warranted a sentence above even the upper range of the guidelines sentence and that anything less would not be a sufficient sentence. We accordingly lack jurisdiction to review Channelle's argument that he should have received a downward departure pursuant to § 5K2.23.

Even if we had jurisdiction to consider Channelle's argument for a downward departure, he cannot present it on appeal because it was waived as part of his plea agreement. This Court reviews the validity of a sentence-appeal waiver provision of a plea agreement de novo. United States v. Weaver, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001). A sentence appeal waiver must be made knowingly and voluntarily and is valid if the government shows either that the district court specifically questioned the defendant about the waiver or the record makes clear that the defendant otherwise understood the waiver. United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Here, the district court specifically discussed the provisions of the appeal waiver with Channelle during the plea hearing, Channelle agreed that he understood the appeal waiver and its four limited exceptions, and Channelle initialed each page of the plea agreement, including the appeal waiver. Channelle waived any appellate challenge to the district court's calculation of the advisory guidelines range except to the extent the sentence

11

imposed <u>exceeds</u> the guidelines range. This exception does not encompass Channelle's argument that the district court erred in calculating his advisory guidelines range by failing to consider or impose a downward departure under § 5K2.23.

## B.     Substantive Unreasonableness

Channelle argues his sentence was substantively unreasonable because (1) the district court erroneously relied upon an impermissible factor – Channelle's need for drug treatment – in imposing an above-guidelines sentence, (2) the sentence was unfairly disparate from his co-defendant Shields's 46-month sentence, and (3) the sentence was too long under the totality of the circumstances. "If, after correctly calculating the guidelines range, a district court decides that a sentence outside that range is appropriate, it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" <u>United States v. Williams</u>, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting <u>Gall v. United States</u>, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007)). Likewise, although "[s]entences outside the guidelines are not presumed to be unreasonable, . . . we may take the extent of any variance into our calculus." <u>United States v. Shaw</u>, 560 F.3d 1230, 1237 (11th Cir.), <u>cert. denied</u>, 129 S. Ct. 2847 (2009). However, we "must give due deference to the district court's

12

decision that the § 3553(a) factors, on the whole, justify the extent of the variance." Gall, 552 U.S. at 51, 128 S. Ct. at 597.[4]

A sentence may be substantively unreasonable "if it does not achieve the purposes of sentencing stated in [18 U.S.C.] § 3553(a)." Pugh, 515 F.3d at 1191 (quotation marks omitted). Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guidelines range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (5) the need to avoid unwarranted sentencing disparities; (6) the need to provide training, medical care, or other correctional treatment to the defendant; and (7) the need to provide restitution to the victims. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487

---

[4]We review the district court's imposition of sentence – whether within the guidelines range or outside it – for abuse of discretion. Gall, 552 U.S. at 51, 128 S. Ct. at 597. Channelle's objections to his sentence in the district court were sufficient, and we reject the government's argument that plain error review applies.

13

F.3d 823, 832 (11th Cir. 2007) (quotation marks and alterations omitted).[5]

Channelle's first argument is that the district court improperly considered the 500-hour drug-treatment program as a ground to impose an above-guidelines sentence. We disagree because § 3553(a) includes as a factor the need for the sentence to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Thus the district court did not abuse its discretion in considering Channelle's need for drug treatment.

In any event, Channelle's attorney argued repeatedly that Channelle was a lifelong heroin addict whose addiction was the primary, if not only, driver of his fraud and forgery crimes. He also argued Channelle must attend the Bureau of Prisons's intensive 500-hour drug program, which, in his experience, was not permitted for sentences less than seven years (84 months). Channelle cannot now complain that it was erroneous for the district court to consider the 500-hour training program in imposing the sentence. See United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998) ("Generally, an appellate court will not review an error invited by a defendant, on the rationale that the defendant should not benefit from introducing error at trial with the intention of creating grounds for reversal on

_____

[5]The burden of establishing that a sentence is substantively unreasonable lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

appeal.").

Channelle's remaining two arguments lack merit also. The district court did not abuse its discretion in sentencing co-conspirator Shields to a 46-month sentence but Channelle to an 87-month sentence. The district court could not have taken Shields's sentence into consideration when it sentenced Channelle because Shields was not sentenced until two months after Channelle, and the "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." United States v. Regueiro, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

Channelle finally argues the district court's overall 30-month upward variance was substantively unreasonable under the totality of the circumstances, because in effect Channelle will serve 114 months' imprisonment, including the state imprisonment, for federal crimes for which the advisory guidelines sentence at the low end was only 46 months. Channelle has not met his burden to show the district court's upward variance was unreasonable in light of the record and the § 3553(a) factors. We must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify an upward variance. Gall, 552 U.S. at 51, 128 S. Ct. at 597. We may vacate a sentence for substantive unreasonableness if "we are left with the definite and firm conviction that the district court

committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," which may be indicated by "a district court's unjustified reliance on any one Section 3553(a) factor . . . ." Pugh, 515 F.3d at 1191 (quotation marks omitted).

The district court did not abuse its discretion in imposing this upward variance. The district court stated it relied on several permissible § 3553(a) factors, including Channelle's extensive history of these sorts of crimes, that the guidelines range did not effectively take into account Channelle's criminal history and the harm to his victims, the need to deter Channelle from future criminal conduct, the need to protect the public from Channelle's recidivist behavior, and the need to rehabilitate Channelle's drug addition. On this record, we cannot say the district court abused its discretion in imposing an 87-month sentence that was still well under the statutory maximum of thirty years. See 18 U.S.C. §§ 1344, 1349.

**AFFIRMED.**