# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1779

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Randy McDowell, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 16, 2011
Filed: April 18, 2012

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Randy McDowell pleaded guilty to one count of possession of pseudoephedrine, knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). The district court[1] sentenced him to 48 months' imprisonment. On appeal, McDowell argues that the district court erred by failing to recognize or consider its authority to depart downward from the advisory guideline range. He also contends that the district court

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

failed to consider the need to avoid unwarranted sentencing disparity, and imposed an unreasonable sentence. We affirm.

Prior to sentencing, McDowell filed a written sentencing memorandum and motion for a downward departure under the advisory sentencing guidelines based on his mental health, physical condition, and criminal history. Alternatively, McDowell requested a downward variance from the advisory range for the same reasons. At McDowell's sentencing hearing, the district court calculated an advisory guideline range of 63 to 78 months' imprisonment, based on a total offense level of 25 and a criminal history category II. After hearing arguments from McDowell's counsel, the court explained that it was "required to look at all the factors of 18 United States Code 3553(a) to decide a sentence to be imposed in this case." The court discussed a number of issues relating to the § 3553(a) factors and sentenced McDowell below the advisory range to 48 months' imprisonment.

McDowell first argues that the district court committed procedural error by failing to recognize and consider its authority to depart under the advisory guidelines. He claims that this error is evident because the district court proceeded to discuss the § 3553(a) factors without mentioning the requested departures. McDowell's only objection at sentencing was "for procedural substantive reasons that the Court didn't weigh the factors of his background and history appropriately." This general objection did not give the district court notice and opportunity to correct the alleged error in the first instance, so we review for plain error. *See United States v. M.R.M.*, 513 F.3d 866, 870 (8th Cir. 2008). To gain relief, McDowell must show an error that is clear or obvious under current law, and he must demonstrate that the error affected his substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-34 (1993).

McDowell has not established that the district court failed to recognize or consider its authority to depart under the guidelines. "We presume that a district

-2-

court is aware of the scope of its authority to depart," *United States v. Patten*, 397 F.3d 1100, 1105 (8th Cir. 2005), and the district court explained that it would "decide if there should be any departure under the guidelines." The court's failure to make an explicit ruling on McDowell's motion does not amount to a clear or obvious error. *See United States v. Lainez-Leiva*, 129 F.3d 89, 93 (2d Cir. 1997) (per curiam). The record shows that the district court was familiar with McDowell's sentencing memorandum, and in discussing the § 3553(a) factors, the court adverted to the issues that McDowell raised as grounds for a departure, including his criminal history and physical and mental health. We thus conclude that the district court implicitly denied McDowell's motion by proceeding to consideration of the § 3553(a) factors and making a downward variance from the advisory range. Because the court recognized its authority to depart, and McDowell makes no assertion that the district court acted with unconstitutional motive, the court's implicit denial of McDowell's motion is unreviewable. *See United States v. Dixon*, 650 F.3d 1080, 1084 (8th Cir. 2011).

McDowell next raises two arguments related to an alleged unwarranted sentencing disparity between his sentence and that of a codefendant, Lori Fisher. Fisher pleaded guilty to the same offense as McDowell, and the district court sentenced Fisher to 12 months and one day of imprisonment. McDowell claims that the district court committed procedural error by failing to consider the need to avoid unwarranted sentence disparities. He also argues that the "drastic difference" between the sentences establishes that the court abused its discretion when sentencing McDowell to 48 months.

The district court was aware of the need to avoid unwarranted sentence disparities and expressly mentioned that statutory factor. In imposing McDowell's sentence, the court explained that it had considered "the need to avoid sentencing disparity among similarly situated defendants facing similarly situated offenses." Fisher, however, was sentenced more than one month *after* McDowell. McDowell's argument, then, is that the district court erred procedurally by failing to consider

disparity between McDowell's sentence and a sentence that the district court would impose several weeks later, and that McDowell's sentence was rendered substantively unreasonable by Fisher's later sentence.

We review the district court's consideration of the § 3553(a) factors based on "the entire sentencing record." *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008). Sentencing judges are in a superior position *vis-à-vis* appellate courts to find facts and to judge their import under § 3553(a); they have institutional advantages over the appellate courts in making sentencing determinations; and the Supreme Court says they even gain insights that are not conveyed by the record. *Gall v. United States*, 552 U.S. 38, 51 (2007). But sentencing judges remain mere mortals, and they are not required to consider events that have not yet occurred. *See United States v. Channelle*, 392 F. App'x 729, 735 (11th Cir. 2010) (per curiam) ("The district court could not have taken Shields's sentence into consideration when it sentenced Channelle because Shields was not sentenced until two months *after* Channelle . . . ."). As McDowell himself acknowledges, he "had no ability to know what sentence the district court was contemplating" for Fisher. We take judicial notice that Fisher's final presentence investigation report was not prepared until April 20, 2011, more than three weeks after the district court sentenced McDowell, so it stands to reason that the district court itself was not yet contemplating Fisher's sentence. McDowell did not ask the court to delay sentencing so that he would be sentenced together with Fisher, and nothing in the governing statutes required the district court to order such a continuance on its own motion. There was no procedural error.

Nor can the sentence imposed in Fisher's case establish the substantive unreasonableness of the sentence imposed earlier in McDowell's case. The parties in McDowell's case had no opportunity to develop a record in the district court on potential differences between McDowell and Fisher that justified a longer sentence for McDowell. *Cf. United States v. Maxwell*, 664 F.3d 240, 245 (8th Cir. 2011)

-4-

("Sentencing disparities are not unwarranted when there are legitimate distinctions between codefendants."). And even if an appellate court were to conclude in retrospect that there were no legitimate distinctions between the two defendants, there is no principled basis on which to say that the appropriate sentence for a similarly-situated defendant was Fisher's sentence of 12 months' imprisonment rather than McDowell's sentence of 48 months. McDowell points to *United States v. Lazenby*, 439 F.3d 928 (8th Cir. 2006), in which this court remanded two cases together for resentencing based on "extreme disparity in the sentences imposed on two remarkably similar participants in the same criminal conspiracy." *Id*. at 932. But *Lazenby* was premised on a method of analysis that the Supreme Court rejected in *Gall*, so its precedential value is suspect. *Compare Lazenby*, 439 F.3d at 932 ("An extraordinary reduction must be supported by extraordinary circumstances.") (internal quotation omitted), *with United States v. McGhee*, 512 F.3d 1050, 1052 (8th Cir. 2008) (per curiam) ("[W]e understand the Court's opinion in *Gall* also to preclude a requirement of 'extraordinary circumstances' to justify an 'extraordinary variance,' for that was the only type of sentence outside the guidelines range to which this court had applied an 'extraordinary circumstances' requirement."). Neither party appealed in Fisher's case, moreover, so there is no mechanism available for this court to direct reconsideration of the two cases together as in *Lazenby*. We therefore reject McDowell's contention that his sentence is substantively unreasonable.

The judgment of the district court is affirmed. McDowell's motion to supplement the record on appeal is denied.

_____