# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3105

_____

United States of America,

    Appellee,

  v.

Victor Espinoza,

    Appellant.

\*
\*
\* Appeal from the United States
\* District Court for the
\* District of North Dakota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: May 14, 2012
Filed: June 26, 2012

_____

Before SMITH, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After Victor Espinoza pleaded guilty to money laundering, *see* 18 U.S.C. § 1956(h), and conspiring to possess a controlled substance with the intent to distribute it, *see* 21 U.S.C. § 846, the district court[1] sentenced him to concurrent terms of 222 months' imprisonment. He appeals his prison sentence and the imposition of one of his conditions of supervised release. We affirm.

---

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

I.

Mr. Espinoza maintains that the sentencing court violated Fed. R. Crim. P. 32(i)(3)(B) by failing to rule on his objections to thirty-five paragraphs of his presentence investigation report. Under that rule, the court must resolve "any disputed portion of the presentence report or other controverted matter" or "determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). Mr. Espinoza denied factual allegations in only two of the thirty-five paragraphs, and the court complied with the rule by stating that it did not need to rule on the disputes because the facts were "unnecessary to sentencing." *See United States v. Miller*, 951 F.2d 164, 165 (8th Cir. 1991) (per curiam).

With respect to the other thirty-three paragraphs, defense counsel stated at sentencing that Mr. Espinoza was "not denying the truth of those facts." The court thus had no disputes to resolve under Rule 32(i)(3)(B). *See United States v. Razo-Guerra*, 534 F.3d 970, 975-76 (8th Cir. 2008), *cert. denied*, 555 U.S. 1193 (2009). Mr. Espinoza instead asked the court to delete all thirty-three paragraphs from the PSR on relevancy grounds, contending that they pertained to activities of the drug-trafficking operation that he had "nothing to do with," except for being a major supplier of the drugs. On appeal, he reiterates his contention that the court should have stricken these paragraphs from the PSR.

We conclude that any error in failing to delete these paragraphs was harmless. At sentencing, the parties agreed with the court's sentencing-range calculation of 262-327 months. The government moved for a substantial-assistance reduction but noted Mr. Espinoza's less-than-complete assistance. The court emphasized the large quantities of pure methamphetamine and cocaine that Mr. Espinoza supplied and the potential for death that they created. It emphatically rejected Mr. Espinoza's assertion that he sold drugs to pay for his mother's medical care; given the huge profits generated by this quantity of drugs and his mother's relatively small medical bills, it pronounced Mr. Espinoza "insane" if he thought the court was going to believe his

excuse. The court also described his assistance as "at best half-hearted" and the government's motion for a reduction as a "gift." After noting that it would generally reduce a sentence by no more than twelve percent for such assistance, it gave Mr. Espinoza a fifteen-percent reduction because of his youth and lack of criminal history. The court's reasons for imposing its sentence were very specific to Mr. Espinoza, and the court quite evidently gave no weight to the purportedly irrelevant paragraphs. The failure to delete them, if it was error, was therefore harmless and does not entitle Mr. Espinoza to relief. *See* Fed. R. Crim. P. 52(a).

## II.

Mr. Espinoza contends that the district court erred by failing to make findings to support its imposition of a condition prohibiting him from drinking alcohol during his supervised release. He admits that he did not object to the condition at sentencing, and we therefore review for plain error only. *United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003). To be eligible for plain-error relief, Mr. Espinoza must first establish an error that is plain (obvious under current law) and that affects his substantial rights. *United States v. McDowell*, 676 F.3d 730, 732 (8th Cir. 2012); *see United States v. Olano*, 507 U.S. 725, 732-35 (1993). If these requirements are met, we will grant relief only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (citation and internal quotation marks omitted).

Under 18 U.S.C.A. § 3583(d), the sentencing court has discretion to impose special conditions of supervised release that are reasonably related to the nature of the offense, the defendant's history and characteristics, deterrence of crime, the need to protect the public from the defendant's future crimes, and the defendant's medical and other correctional needs, and any condition must involve "no greater deprivation of liberty than is reasonably necessary." *Id.*; *United States v. Kelly*, 625 F.3d 516, 519 (8th Cir. 2010); U.S.S.G. § 5D1.3(b). The court must "make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir.2011) (citation and internal

quotation marks omitted).  Here, the district court failed to make these individualized findings, and we have held that this omission is plain or obvious error, *see United States v. Poitra*, 648 F.3d 884, 889 (8th Cir. 2011).

To be entitled to relief, though, Mr. Espinoza must establish that this error affected his substantial rights.  To do so, he must show that it is reasonably likely that the district court would not have imposed the condition if it had recognized its duty to provide individualized reasons for doing so.  *See United States v. Liner*, 435 F.3d 920, 926 (8th Cir. 2006).  We do not think that Mr. Espinoza has met this burden.  He was convicted of a drug offense, he admitted to the probation officer that he had a substance abuse problem and would benefit from treatment, and he had a DUI arrest in his record.  Mr. Espinoza points to his statement to the probation officer that he "occasionally, no more than three or four a year, will have a beer."  But the court could well have reasonably believed that, by prohibiting the consumption of alcohol, it was placing little burden on Mr. Espinoza while minimizing the danger that he would turn to alcohol -- another frequently-abused substance -- because he was subject to an admittedly appropriate drug ban during his supervised release.  In fact, we have upheld bans on alcohol consumption during supervised release for defendants who abuse drugs because of the "threat of cross addiction" and the possibility that drinking alcohol may limit a "recovering person's ability to maintain a drug-free lifestyle."  *See United States v. Forde*, 664 F.3d 1219, 1224 (8th Cir. 2012); *see also United States v. Mosley*, 672 F.3d 586, 590-91 (8th Cir. 2012).  In addition, the DUI arrest, combined with Mr. Espinoza's incredible explanation for his crime, provided reason for the court to question whether he had understated his alcohol consumption. In either case, the special condition would serve Mr. Espinoza's need for treatment, and his recovery, in turn, would make him less likely to commit additional crimes. In the circumstances, therefore, it does not seem to us reasonably likely that the court would not have imposed the condition absent the error that it committed.

Affirmed.

_____