# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1834

_____

United States of America

*Plaintiff - Appellee*

v.

Stanley D. Adkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 13, 2018
Filed: June 26, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Stanley D. Adkins pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846, and to distribution of methamphetamine in violation of 21 U.S.C. §§

841(a)(1) and (b)(1). The district court[1] sentenced him to concurrent terms of 40 months' imprisonment, to be followed by concurrent four-year terms of supervised release. Adkins challenges the procedural and substantive reasonableness of his sentence, claiming that an unwarranted disparity exists between his sentence and the sentence of his co-conspirator. We affirm.

Adkins and his two co-conspirators, Amanda Karstens and Paul Hraban, were indicted after Adkins and Karstens sold methamphetamine to a confidential informant in May 2015. Hraban pleaded guilty and was sentenced to 5 years' probation.[2]

The district court determined that Adkins's base offense level was 24 and granted him a 3-level reduction for acceptance of responsibility, as well as a 2-level reduction for being a minor participant in the conspiracy. Based on a total offense level of 19 and a criminal history category of IV, the district court found that Adkins's advisory range under the United States Sentencing Guidelines (Guidelines) was 46 to 57 months' imprisonment and then imposed the above-mentioned sentence.

Adkins first argues that the district court committed procedural error by failing to adequately consider or appropriately weigh the sentencing factors set forth in 18 U.S.C. § 3553(a). Because Adkins did not object to the court's explanation of the § 3553(a) factors at sentencing, we review for plain error. See United States v. McDowell, 676 F.3d 730, 732 (8th Cir. 2012) (standard of review). Accordingly, Adkins "must show an error that is clear or obvious under current law, and he must demonstrate that the error affected his substantial rights and seriously affected the

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

[2]Karstens was also sentenced to 5 years' probation, but Adkins does not argue that he and Karstens were similarly situated.

fairness, integrity, or reputation of judicial proceedings." Id. (citing United States v. Olano, 507 U.S. 725, 732-34 (1993)).

Adkins contends that the district court gave too little weight to his efforts towards rehabilitation, letters of support from his family, his acceptance of responsibility, his minor role in the offense, and the disparity between his sentence and the sentence of his co-conspirator. We disagree. The court made specific findings on each of these points: it acknowledged that it had reviewed all of the letters and documents that Adkins had submitted, it granted him reductions for accepting responsibility and being a minor role participant, and it varied below the Guidelines range because Adkins had "taken treatment to heart and [had] made some positive strides." Against those mitigating factors, the district court weighed Adkins's substantial criminal history, including a January 2015 felony for tampering with physical evidence, an August 2015 felony for burglary, and an April 2016 arrest for theft. Based on the recency of Adkins's convictions, the court found that it "[could] not in good conscience ignore the criminal history."

In addition, the district court stated that it was aware of the need to avoid unwarranted sentencing disparities among similarly situated defendants. At the time of Adkins's sentencing, Hraban had entered into a plea agreement with the government, but the agreement had not yet been accepted by the court and Hraban had not yet been sentenced. Although the district court was "not required to consider events that have not yet occurred," id. at 733, it nonetheless acknowledged Hraban's potential plea agreement when it explained that "there are reasons for the plea agreement with [Hraban]," and that Hraban's potential sentence was only one of several § 3553(a) factors that the court must consider. See United States v. Gasaway, 684 F.3d 804, 808 (8th Cir. 2012) (holding that the district court may balance the § 3553(a) factors as it deems appropriate). Because the court plainly articulated its consideration of the § 3553(a) factors and balanced them appropriately, there was no procedural error.

We similarly reject Adkins's contention that the district court abused its discretion by imposing a substantively unreasonable sentence. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review). Although Adkins reiterates his argument that the district court failed to consider the sentencing disparity between his sentence and Hraban's sentence, we find no indication that the district court failed to consider the relevant § 3553(a) factors, that it committed a clear error of judgment in weighing the factors, or that it gave significant weight to an improper or irrelevant factor. See id.; see also United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) (stating that when a district court varies below the Guidelines range, it is "nearly inconceivable" that the court abused its discretion by not varying downward further). In light of these circumstances, we conclude that the district court did not abuse its discretion in imposing Adkins's below-Guidelines sentence.

The judgment is affirmed.

_____